IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUADALUPE ARANDA, | No. C 12-4578 WHA (PR) |
| Petitioner, | **ORDER OF DISMISSAL; GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS** |
| v. | |
| RANDY GROUNDS, | (Docket No. 5) |
| Respondent. / | |

## INTRODUCTION

Petitioner, a California prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254. The petition challenges a decision by the California Board of Parole Hearings ("Board") to deny his application for an expedited parole hearing. He has applied for leave to proceed in forma pauperis.

## STATEMENT

Petitioner was convicted of second-degree murder in 1987 and sentenced to a term of fifteen years to life in state prison. In 2009, he had his fourth parole hearing, and the Board decided that he was not suitable for parole and that it would hold his next parole hearing in five years. In 2011, petitioner applied to advance his next parole hearing, but the Board denied that application. The Board's decision was unsuccessfully appealed to all three levels of the California courts.

**ANALYSIS**

**A.  STANDARD OF REVIEW**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of the Rules Governing Section 2254 Cases, 28 U.S.C. foll. 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

**B.  LEGAL CLAIMS**

Petitioner claims that the Board violated his right to due process by abusing its discretion when it denied his application to advance his parole hearing. The state courts rejected this claim. A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. 2254(d). Petitioner cites no federal law, let alone any Supreme Court precedent, and the court is aware of none, providing that the federal constitutional right to due process is implicated by a parole board's decision to deny an inmate's request to advance a scheduled parole hearing. There is federal authority that due process is implicated by a board's decision to deny parole. *See, e.g., McQuillion v. Duncan*, 306 F.3d 895, 902 (9th Cir. 2002), *overruled on*

*other grounds by Swarthout v. Cooke*, 131 S. Ct. 859 (2011). None of these decisions apply to a board's decision not to advance a scheduled hearing, however.

Moreover, the Supreme Court has held that only "minimal" procedural protections are guaranteed by due process when due process is implicated by a parole board decision. *Swarthout v Cooke*, 131 S.Ct. 859, 863 (2011) (addressing parole board's decision to deny parole). The procedural protections are limited to an opportunity to be heard and a statement of the reasons why the decision was made. *Id.* at 862. Petitioner does not argue that he did not receive an opportunity to be heard or a statement of the reasons the Board denied his request to advance his next parole hearing. Rather, he claims that due process was violated because the Board did not engage in individualized consideration of his case, it relied upon an unreliable pyschological evaluation, and a California appellate court found that "Marcy's Law," pursuant to which his next the Board scheduled his next hearing in five years, violated the Ex Post Facto Clause. The federal right to due process, even if it were implicated in this context, would not be violated by such factors.

For the foregoing reasons, petitioner's claims that the Board violated his federal right to due process in denying his application to advance his parole hearing are without merit.

## CONCLUSION

In light of the foregoing, the petition for a writ of habeas corpus is **DISMISSED**. Petitioner has failed to make a substantial showing that a reasonable jurist would find this court's denial of his claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Consequently, no certificate of appealability is warranted in this case.

His application to proceed in forma pauperis (docket number 5) is **GRANTED**.

The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: October 25, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

N:\ARANDA4578.DSM.wpd

3